IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAMMY HALE,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
For Social Security,

                Defendant.

OPINION AND ORDER

20-cv-866-wmc

Pursuant to 42 U.S.C. § 405(g), plaintiff Tammy Hale seeks judicial review of the Social Security Commissioner's final determination, which upheld the opinion of Administrative Law Judge Ahavaha Pyrtel ("ALJ") that Hale was not disabled. On appeal to this court, plaintiff maintains that the ALJ erred in not finding her disabled in two core respects: (1) by failing to address limitations with respect to Hale's use of her hands in the RFC; and (2) performing a perfunctory analysis of the state agency medical consultants' opinions. In addition to these challenges on the merits, plaintiff also contends that the Commissioner holds his office on a constitutionally illicit basis, relying on the United States Supreme Court's relatively recent decision considering the authority of the Consumer Financial Protection Bureau's Director, *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). On January 13, 2022, the court held a telephonic hearing with the parties appearing by counsel. For the reasons that follow, the court will affirm the denial of benefits and enter judgment in the Commissioner's favor.

BACKGROUND[1]

A. **Overview**

Plaintiff Tammy Hale applied for social security disability benefits on August 2, 2018, and her date last insured is December 31, 2023. In her application, Hale claimed disability based on diabetes, pancreatitis, neuropathy, sleep apnea, cough apnea, pinched nerve in back and back surgery. (AR 59.) Hale has past relevant work experience as a customer service representative, a job she filled from approximately June 2004 through May 2018. Although Hale claimed disability as of May 15, 2018, the ALJ concluded that she had substantial gainful activity during the fourth quarter of 2018. (AR 15.) Accordingly, the ALJ limited her review to "those periods when the claimant did not engage in substantial gainful activity" -- the third quarter of 2018 and the beginning of 2019 through the date of the ALJ's decision. (*Id.*)

B. **ALJ's Decision**

The ALJ held a telephonic hearing on March 31, 2020, at which Hale appeared both personally and by counsel. On April 28, 2020, the ALJ issued an opinion finding that Hale had not been under a disability within the meaning of the Social Security Act from her alleged disability onset date through the date of her decision. The ALJ first determined that Hale had the following severe impairments: "spine disorder, diabetes mellitus, and peripheral neuropathy." (AR 16.) In so finding ,the ALJ concluded that Hale's COPD and obstructive sleep apnea were not severe. While the ALJ also considered whether Hale's

---

[1] The following facts are drawn from the administrative record (AR), which can be found at dkt. #14.

obesity causes or contributes to her impairments, she similarly found that her obesity was not a severe impairment itself. Plaintiff does not challenge either of these findings on appeal.

The ALJ next considered whether any of Hale's impairments or combination of impairments meets or medically equals the severity of one of the listed impairments. Specifically, the ALJ considered whether claimant's musculoskeletal impairments, relating to Hale's back, met or medically equaled Listing 1.04; whether her pulmonary issues met or medically equaled Listing 3.02; and whether her peripheral neuropathies met or medically equaled Listing 11.14. Ultimately, the ALJ concluded that they did not, a finding plaintiff does not directly challenge on appeal, although her first challenge touches on the peripheral neuropathy findings indirectly.

The ALJ next found that Hale had the residual functional capacity ("RFC") to perform sedentary work, with the following additional exertional limitations: "lifting an[d] carrying up to 10 pounds occasionally and less than 10 pounds frequently, and standing and walking for up to two hours in an eight-hour workday"; "never climb ladders, ropes or scaffolds"; "only occasionally climb ramps and stairs"; "occasionally stoop"; "never work at unprotected heights or around moving mechanical parts"; and "can tolerate up to moderate noise levels." (AR 17.) After describing the standard for evaluating plaintiff's symptoms and the "intensity, persistence, and limiting effects" of those symptoms under SSR 16-13p, the ALJ then recounted plaintiff's complaints of being unable to sit, stand or walk for extended periods, needing to lay down after sitting for approximately 20 minutes, and not being able to walk more than one block at a time. (*Id.*)

3

The ALJ further reviewed Hale's current part-time job at Sam's Club, where she is able to work approximately 19 hours per week as a cashier, but works only five and one-half hour days and never more than two days in a row, including consideration of Hale's testimony that this job involves her running the cash register, taking groceries in and out of the cart, requiring her to lift 20 pounds, and that she is unable to take breaks during busy periods. (*Id*.) Still, later in her opinion, the ALJ implied that this job is either not a sedentary job or would require more exertion than even the ALJ's RFC permits. (AR 19.) The ALJ also considered Hale's testimony that she only drives to work and has a handicap sticker because of right foot pain, but does not use a cane or other assistive device. Finally, the ALJ noted Hale's asserted need for frequent bathroom breaks due to her diabetes, and claim that her back pain limits her ability to do household chores and shopping, but that Tylenol and ibuprofen control her symptoms.

As for the medical record, the ALJ noted that Hale has been diagnosed with type 2 diabetes mellitus with neuropathy and her blood sugar levels are frequently elevated, but that she also complains of feeling light headed or dizzy when her blood sugar levels are low, including blacking out at work in January 2019. Hale also complained to medical staff about fatigue and numbness in her hands and feet and decreased sensation in her knees and hands, although the ALJ noted that she is still able to walk without assistance and her strength and muscle tone remained normal. The ALJ further noted her lack of compliance with diabetes management, and specifically, her failure to follow her diet, take her medication, or check her blood sugar levels. Moreover, when she was in compliance, Hale reported no issues with hypoglycemia and no medication side effects; and despite her

noncompliance, the ALJ emphasized the medical records reflect that Hales has no diabetic retinopathy, her foot examples are normal, and she had no skin breakdown and normal pedal pulses. Finally, the ALJ considered a July 2019 MRI showing a stress fracture in Hale's right ankle, but again noted that she did not require an assistive device and her gait was often described as "normal," and reviewed Hale's 2010 lumbar laminectomy and MRIs showing only mild results. (AR 19.)

Based on this review, the ALJ concluded that an RFC allowing for sedentary work with additional, exertional limitations would address her physical limitations. The ALJ further discounted her subjective complaints based on (1) Hale's ability to work part-time throughout most of the period of claimed disability; and (2) Hale reporting no problems with her personal care and ability to do laundry, drive her car, manage finances, socialize with friends, manage stress, and adjust to changes in routine.

The ALJ then reviewed medical opinion evidence, and specifically material to one of plaintiff's challenges on appeal, the opinions of the two state agency medical consultants, Drs. Pan Chan and Marie Turner, who reviewed Hale's medical file. Both Chan and Turner found that Hale was capable of performing light work. The ALJ found their opinions "partially persuasive" because "[t]hey support their opinions with discussions of the medical evidence, and their opinions are generally consistent with the medical record at the time they issued their opinions. However, the hearing level evidence, including the claimant's hearing testimony, is more consistent with a limitation to sedentary exertional activity." (AR 20.) The ALJ also considered the opinions of two treating providers, but

5

found both of their opinions "not entirely persuasive," findings plaintiff does not challenge on appeal. (*Id.*)

With the assistance of the vocational expert ("VE"), the ALJ then concluded that Hale could perform her past relevant work as a customer service representative, which is classified as sedentary work with a specific vocational preparation level of 5. (AR 20.) Based on this finding, the ALJ concluded that Hale was not disabled. This appeal followed.

OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is well-settled. Specifically, findings of fact are "conclusive," so long as they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Provided the Commissioner's findings under § 405(g) are supported by such "substantial evidence," this court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Similarly, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993).

At the same time, the court must conduct a "critical review of the evidence," *id.*, and insure the ALJ has provided "a logical bridge" between findings of fact and conclusions

of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). Thus, plaintiff's challenges on appeal must be considered under this deferential standard.

Plaintiff first faults the ALJ for failing to address limitations with Hale's hands in crafting an RFC, and more specifically, for failing to include a handling or fingering limitation in the RFC. Plaintiff argues that if the ALJ had included such a limitation, it would have eroded the sedentary occupational base and would have precluded her from performing her past relevant work as a customer service representative. (Pl.'s Opening Br. (dkt. #19) 13.) Plaintiff similarly contends that the ALJ ignored medical records that detail neuropathy in her hands, including reports of "numbness and shooting pain," "tingling," "decreased pinprick sensation." (*Id.*)

To be fair, as described above, the ALJ *did* note in her review of the medical record that Hale suffers from neuropathy, including her complaints of "numbness in her hands and feet" and "decreased sensation in her knees and hands." (AR 18.) However, the ALJ did not describe any possible manipulative limitations caused by these symptoms. Instead, consistent with Hale's testimony during the hearing, the ALJ focused on plaintiff's neuropathy in her feet, explaining that while she walked with a limp at times, she did not need any assistance devices, and other records described her gait as normal. (AR 18.)

As for her neuropathy in her hands, the record, however, does not support a finding that these symptoms translate to manipulative limitations. Neither of the treating physicians' opinions contain any reference to manipulative limitations. (AR 666, 1149.) Moreover, in a September 4, 2018, form signed by Dr. Richard Rogge, he specifically declined to provide any limitations with respect to stranding, lifting or exertional

7

restriction, noting that he would need a "functional capacity to determine." (AR 666.) While there are medical records that describe numbness, shooting pain and tingling in her hands -- records cited by the ALJ -- these records do not describe any manipulative limitations. (*See, e.g.*, AR 768, 772.) To the contrary, these records also describe normal strength, tone and vibration. (AR 768.) Finally, and perhaps most persuasively, plaintiff did not raise concerns about manipulative limitations during her hearing testimony, a point her counsel implicitly conceded during the hearing. Indeed, in the court's review of the record, Hale indicated in a May 19, 2019, function report that she did *not* have any "illnesses, injuries, or conditions" affecting her "using hands." (AR 318; *see id.* (listing issues with lifting, squatting, bending, standing, reaching, walking, siting, kneeling and stair climbing).)

In response, the Commissioner argues in her opposition brief that the ALJ reasonably relied on the findings of the two state agency medical consultants, both of whom found no manipulative limitations. (Def.'s Opp'n (dkt. #27) 21 (citing AR 66-68, 80-82).) As counsel for the Commissioner acknowledged during the hearing, the ALJ does *not* state what in particular in the state agency medical consultants' opinions suggest that no manipulative limitations were warranted. Rather, ALJ Pyrtel simply states that she found both opinions "partially persuasive," and seemingly adopted their exertional limitation conclusions except for their finding that Hale was capable of performing light work. As such, plaintiff's first challenge turns on whether the ALJ adequately explained her reasoning for relying on the state agency medical consultants' opinions, which plaintiff describes as her "second" challenge.

8

As described above, the ALJ's discussion of the state agency medical consultants' opinion is limited to the following:

> The opinions of Drs. Chan and Turner are partially persuasive. They support their opinions with discussions of the medical evidence, and their opinions are generally consistent with the medical record at the time they issued their opinions. However, the hearing level evidence, including the claimant's hearing testimony, is more consistent with a limitation to sedentary exertional activity.

(AR 20.) In their narrative explanation, both doctors conclude that Hale's peripheral neuropathy is a severe impairment and that the medical evidence shows "pinprick sensory loss bilaterally." (AR 68, 81-82.)[2] Despite these findings, neither doctor includes any manipulative limitations, and more critically, neither doctor explains any basis for excluding these limitations. But, as noted above, a lack of finding -- and a lack of discussion in their respective reports -- appears warranted in light of the lack of medical evidence or other evidence in the record supporting manipulative limitations for her peripheral neuropathy. At minimum, plaintiff has failed to explain how the ALJ's treatment of these opinions, although brief, fails to adequately consider whether the opinions are consistent with the medical record and supported by it.

If there were evidence in the record to support manipulative limitations, then the court agrees with plaintiff's counsel that the ALJ would have to do more than she did here. But given the lack of evidence, adoption of the state agency medical consultants' RFC (with the change to sedentary work given Hale's increased limitations due to back pain) was warranted, or at minimum, is not a basis for remand. *See Seipel v. Berryhill*, No. 15-cv-727-

---

[2] As far as the court can discern, Dr. Turner's form is the exact same as Dr. Chan's.

9

wmc, 2019 WL 566850, at *4 (W.D. Wis. Jan. 25, 2018) ("[A]n ALJ's decision need not explicitly address every impairment, especially when it is factored into the decision through a medical professional's review of the evidence.") (citing *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004)).

This leaves plaintiff's constitutional challenge, which for the reasons described in *Schwechel v. Kijakazi*, No. 20-CV-700-WMC, 2022 WL 135022, at *5 (W.D. Wis. Jan. 14, 2022), the court rejects.

ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying plaintiff Tammy Hale's application for disability insurance benefits is AFFIRMED. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 18th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge